In re A.H. ROBINS COMPANY, INC., Debtor, Employers Tax Identification No. 54–0486348.

Patricia SANDERS, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–1307–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 21, 1993.

Patricia Sanders, Saint Louis, Missouri, pro se.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the petition of Dalkon Shield Claimant Patricia Sanders, *pro se*, to compel the Dalkon Shield Claimants Trust ("Trust") to schedule a settlement conference. For reasons given below, the Court should deny the petition.

Claimant Sanders refused an Option 3 settlement offer in March, 1992, after which the Trust sent her forms for selecting either ADR, or an in-depth review and a settlement conference which follows such a review. Sanders did not make her choice until January, 1993, when she returned a form selecting the settlement conference process. However, she failed to return two forms necessary to that process—a form selecting a site for the settlement conference and a form releasing her medical records to the Trust for in-depth review conducted in all cases at the level of the Option 3 offer refused by the plaintiff. Since January, the Trust has made four attempts to get the forms from Sanders. When Sanders filed this petition in September, 1993, she still had not returned the medical record release form.

This Court retained jurisdiction over many aspects of the A.H. Robins reorganization plan implementing the Trust. Debtor's Sixth Amended and Restated Plan of Reorganization § 8.05 (March 28, 1998), *confirmed in In re A.H. Robins Co.,* 88 B.R. 742 (Bankr. E.D.Va.1988), *aff'd,* 880 F.2d 694 (4th Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989). However, its retained jurisdiction expressly excludes authority to interfere with or monitor the day-to-day claims processing of the Trust. *Id.* ("nothing contained in this Section 8.05 is intended to confer jurisdiction upon the Court over, or grant authority to monitor, the day-to-day operations of the Trusts or the Claims Resolution Facility").

Claimant pleads no facts which remove this scheduling matter from the realm of day-to-day Trust operations. The delay of which Sanders complains is due to her own failure to provide necessary documents, in spite of repeated prompting by the Trust. Regrettably, plaintiff is the architect of a substantial portion of the delay of which she complains.

The Court finds no basis for granting the exceptional relief requested by Claimant Sanders.